## CONCISE SUMMARY OF THE CASE

Pursuant to 3rd Cir. LAR 33.3, counsel are required to file a concise summary of the case within **14** days of the date of docketing of the Notice of Appeal. Total statement is limited to no more than 2 pages, single-spaced. Counsel may utilize this form or attach a 2 page statement encompassing the information required by this form.

SHORT CAPTION: **Jones, et.al. v. Silver Care Operations, LLC**

USCA NO.: **16-1011**

LOWER COURT or AGENCY and DOCKET NUMBER:
District of New Jersey

NAME OF JUDGE: Noel Hillman

Specify who is suing whom, for what, and the subject of this action. Identify (1) the nature of the action; (2) the parties to this appeal; (3) the amount in controversy or other relief involved; and (4) the judgment or other action in the lower court or agency from which this action is taken:

Plaintiffs (Appellees), who are or were employees of the defendant, allege that the defendant (Appellant) failed to pay overtime for differentials/shift differentials/premiums and overtime for time worked during meal breaks. The parties to the appeal are the plaintiffs and the defendant. The plaintiffs seek, through a collective action, recovery from the defendant for the failure to pay overtime under the Fair Labor Standards Act, 29 U..S.C. § 201, et.seq. and the New Jersey Wage Payment Law.

Defendant asserts that the plaintiffs must be compelled to arbitrate under a collective bargaining agreement the issues and claims in this case involving the practices, provisions and payments (including but not limited to the payment of overtime) regarding the meal breaks and differentials/shift differentials/premiums.

The District Court denied the defendant's application to compel arbitration and to dismiss or stay this action pending the arbitration on September 22, 2015. The Court denied defendant's motion for reconsideration on December 16, 2015.

Defendant appeals the denial of the application to compel arbitration under the collective bargaining agreements in both orders.

LIST and **ATTACH** a copy of each order, judgment, decision or opinion which is involved in this appeal. If the order(s) or opinion(s) being appealed adopt, affirm, or otherwise refer to the report and recommendation of a magistrate judge or the decision of a bankruptcy judge, the report and recommendation or decision shall also be attached.
Attached are the Orders and the Opinions:

   1. The September 22, 2015 Order and Opinion from the District Judge denying defendant's application to compel arbitration and to dismiss or stay the action pending the arbitration.

   2. The December 16, 2015 Order and Opinion denying the defendant's motion for reconsideration of the District Court's decision to deny the application to compel arbitration and to dismiss or stay the action pending the arbitration, dated December 16, 2015.

Provide a short statement of the factual and procedural background, which you consider important to this appeal:

Plaintiffs are represented by a union and are or were employed under a collective bargaining agreement. The collective bargaining agreement provides for wages, overtime, meal breaks, and arbitration of disputes. The provision of meal breaks (including the paid and unpaid times during the meal breaks) and the payment of the differentials/shift differentials/premiums involve the practices, provisions and payments under the collective bargaining agreement. These issues and claims involving the meal breaks and differentials must be determined based upon the interpretation and application of the collective bargaining agreement. It is for the arbitrator to decide these issues and claims involving the interpretation and application of the collective bargaining agreement.

Defendant applied to the District Court to compel arbitration. The District Court denied the application. Defendant appeals the District Court's denials of the application to compel arbitration and to dismiss or stay this action pending arbitration.

Identify the issues to be raised on appeal:

1. Did the District Court err in its Order and Opinion, dated September 22, 2015, by denying the defendant's application to compel arbitration of the issues and claims in this action?

    a. Should plaintiffs be required and compelled to arbitrate in accordance with the collective bargaining agreement the issues and claims, including the practices, provisions and payments (such as overtime) regarding meal breaks and shift differentials?

    b. Should this action be dismissed or stayed pending the arbitration under the collective bargaining agreement?

2. Did the District Court err in its Order and Opinion, dated December 16, 2015, in denying defendant's motion for reconsideration of the Court's decision not to compel arbitration?

    a. Was the Court in error in its decision to deny the application to compel arbitration, including, but not limited to, based on recent Third Circuit decision on this issue?

This is to certify that this Concise Summary of the Case was electronically filed with the Clerk of the U.S. Court of Appeals for the Third Circuit and a copy hereof served to each party or their counsel of record

this **3rd** day of **February** ,20 **16** .

## /s/ Stuart Weinberger

Signature of Counsel

Rev. 07/2015

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| TYMECO JONES, IESHA BULLOCK, and TEAIRRA PIZARRO, on behalf of themselves and those similarly situated, | Civil No. 13-7910 (NLH/AMD) |
| Plaintiffs, | **ORDER** |
| v. | |
| SCO, SILVER CARE OPERATIONS LLC d/b/a ALARIS HEALTH AT CHERRY HILL, | |
| Defendant. | |

For the reasons expressed in the Court's Opinion filed today,

IT IS on this ___22nd___ day of __September__, 2015

ORDERED that plaintiffs' Motion to Certify Class as a Collective Action [34] be, and the same hereby is, GRANTED; and it is further

ORDERED that defendant's Cross-Motion to Dismiss for Lack of Jurisdiction and Stay Proceedings [41] be, and the same hereby is, DENIED; and it is further

ORDERED that plaintiffs' notice and consent form shall be modified to incorporate defendant's objections, except for the five points plaintiffs seek to maintain. Plaintiffs shall

prepare a revised notice and consent form within 14 days, and provide it to defendant and the Court for review, along with a proposed Order approving the revised notice and consent form. Defendant shall have 14 days from the time plaintiffs submit their revised notice to advance any other objections.

s/ Noel L. Hillman

At Camden, New Jersey          NOEL L. HILLMAN, U.S.D.J.

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

TYMECO JONES, IESHA BULLOCK,
and TEAIRRA PIZARRO, on
behalf of themselves and
those similarly situated,

        Plaintiffs,

    v.

SCO, SILVER CARE OPERATIONS
LLC d/b/a ALARIS HEALTH AT
CHERRY HILL,

        Defendant.

Civil No. 13-7910 (NLH/AMD)

**OPINION**

**APPEARANCES**

JUSTIN L. SWIDLER
MATTHEW D. MILLER
SWARTZ SWIDLER, LLC
1101 KINGS HWY N, STE. 402
CHERRY HILL, NJ 08034
    On behalf of plaintiffs

STUART WEINBERGER
GOLDBERG & WEINBERGER LLP
630 THIRD AVENUE
18TH FLOOR
NEW YORK, NY 10017
    On behalf of defendant

**HILLMAN, District Judge**

    Presently before the Court is the motion of plaintiffs to
conditionally certify their collective action claims for
defendant's alleged violations of the federal Fair Labor

Standards Act.  Also pending is defendant's cross-motion to dismiss or stay the action pending arbitration.  For the reasons expressed below, plaintiffs' motion will be granted, and defendant's motion will be denied.

## BACKGROUND

In considering defendant's prior motion to dismiss, the Court set forth the facts as pleaded by plaintiffs in their complaint.  The Court restates plaintiffs' allegations for ease of reference in considering the pending motions:  Plaintiffs Tymeco James, Iesha Bullock, and Teairra Pizarro are employed by nursing home defendant, SCO, Silver Care Operations LLC d/b/a Alaris Health at Cherry Hill, as certified nursing assistants. They claim that defendant violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., and New Jersey's Wage and Hour Law and New Jersey's Wage Payment Law, when it failed to properly pay them for hours they worked in excess of 40 hours per week.  Plaintiffs James and Pizarro also claim that defendant violated the federal and state wage requirements by deducting thirty minutes of paid time for meal breaks during over-night shifts, when plaintiffs rarely, if ever, took an uninterrupted break during their normal shifts, because there are not enough CNAs working during the night shifts to permit them to take a meal break.

The Court denied defendant's motion to dismiss plaintiffs'

2

complaint, citing to Davis v. Abington Memorial Hosp., 765 F.3d
236, 241 (3d Cir. 2014), and finding that the three named
plaintiffs each demonstrated, through their pleadings and
exemplar pay stubs, that they worked at least one 40-hour work
week, where the hours they worked in excess of 40 hours were not
properly compensated, either by an allegedly incorrect
calculation of overtime pay, or by an allegedly unlawful 30-
minute deduction for unused meal breaks.  For example, plaintiff
Bullock showed a 2-week paystub for the pay period of June 23,
2013 to July 6, 2013, where she worked 40 regular hours and 3.75
overtime hours.  (First Amended Complaint ¶ 68.)  Bullock claims
that due to inappropriate calculations of the variety of hourly
premiums or shift differentials, she was shorted $1.20 for
overtime pay during that pay period.  (FAC ¶ 68 a-k.)
Plaintiffs Jones and Pizarro also provided pay stubs that show
they each worked 40 hours plus overtime, and they claim
defendant miscalculated their overtime pay.  (FAC ¶¶ 69, 70.)
With regard to unpaid meal breaks, Jones and Pizarro provided
pay stubs that demonstrate weeks they worked in excess of 40
hours. (FAC ¶¶ 92, 93.)  The Court concluded that because these
specific allegations concretely demonstrated that plaintiffs
worked forty hours of work "in a given workweek as well as some
uncompensated time in excess" of the forty hours, plaintiffs
stated plausible FSLA overtime claims.

3

Plaintiffs have now moved for conditional certification of their FSLA collective action. Defendants have objected to plaintiffs' motion, and have cross-moved to dismiss or stay plaintiffs' claims. Defendants argue that the parties' collective bargaining agreement ("CBA") requires the arbitration of plaintiffs' claims. Plaintiffs disagree that their claims are for governed by the CBA's arbitration provision.

## DISCUSSION

### A.   Jurisdiction

Plaintiffs bring this action on behalf of themselves and others "similarly situated" to remedy alleged violations of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., and therefore this Court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1331.  The Court exercises jurisdiction over plaintiffs' pendant state law wage claims pursuant to 28 U.S.C. § 1367.[1]

---

[1] Pursuant to their New Jersey law wage claims, plaintiffs seek Rule 23 class certification in which plaintiffs must "opt-out" of the class, rather than "opt-in" under the FLSA's conditional certification.  Actions that proceed under both "opt-in" and "opt-out" procedural mechanisms are sometimes referred to as "hybrid" actions.  Although some courts have declined to exercise jurisdiction over the state law claims in such hybrid actions, the Third Circuit recently ruled that jurisdiction over a Rule 23 "opt-out" class action based on state-law claims that parallel the FLSA is not "inherently incompatible" with FLSA's conditional certification "opt-in" procedure.  See Knepper v. Rite Aid Corp., 675 F.3d 249, 260 (3d Cir. 2012) (also concluding that the FLSA does not preempt state law claims).  Thus, the Court exercises supplemental jurisdiction

## B. Analysis

### 1. Defendant's motion to dismiss or stay pending arbitration

The Court addresses first defendant's motion to dismiss or stay plaintiffs' claims, and finds that the CBA's arbitration provision is not implicated by plaintiffs' claims.

The Supreme Court has instructed that an arbitration agreement in a CBA is enforceable when a dispute arises over the application or interpretation of the terms of the CBA. Wright v. Universal Mar. Serv. Corp., 525 U.S. 70, 78 (1998) (citing AT & T Technologies, Inc. v. Communications Workers, 475 U.S. 643, 650 (1986)) (other citations omitted). Where, however, a dispute "ultimately concerns not the application or interpretation of any CBA, but the meaning of a federal statute," the CBA's arbitration clause is not implicated. Wright, 475 U.S. at 78-79.

Defendant in this case argues that plaintiffs' claims regarding underpayment for overtime and working during meal breaks are actually claims that require the interpretation of

---

over plaintiffs' state wage claims because the underlying operative facts concerning the state law claims are the same as the FSLA claim. See Lyon v. Whisman, 45 F.3d 758, 761 (3d Cir. 1995) (district courts will exercise supplemental jurisdiction if the federal and state claims "are merely alternative theories of recovery based on the same acts,") (citing Lentino v. Fringe Employee Plans, Inc., 611 F.2d 474, 479 (3d Cir. 1979)).

their CBA and, therefore, those claims must be arbitrated

pursuant to the CBA's arbitration provision. Plaintiffs argue

the contrary position – that their claims are for violations of

the FSLA and not for violations of the CBA's terms that would

trigger the arbitration provision. The Court agrees with

plaintiffs.

With regard to plaintiffs' claims regarding the 30-minute

meal break, the CBA provides that employees shall receive a

"free and uninterrupted" "30-minute unpaid meal period" during

an 8-hour day.[2] Defendant argues that plaintiffs' claims that

they were interrupted during their unpaid 30-minute breaks

directly arise out of the contract, and as such, these claims

must be arbitrated.

If plaintiffs' claims were as defendant describes, the

Court would agree with defendant. Plaintiffs are claiming

something different, however. Plaintiffs are not claiming that

they want the 30-minute breaks they are entitled to under the

CBA, but rather that they were deducted 30 minutes of pay for

breaks that they were never able to take (i.e., not compensated

---

[2] Defendant points out that employees also receive two paid 15-minute breaks during an 8-hour day, and argues that because employees often join the 15-minute breaks with their 30-minute break, it is unclear how plaintiffs should be compensated, depending on what part of the break was interrupted. This argument goes to the substantive merits of plaintiffs' case, and it may be advanced at the appropriate stage of the case.

6

for 30 minutes of work), which is a violation of the FSLA, 29
U.S.C. § 207 and 29 C.F.R. § 785.19.  This dispute is distinct
from any right conferred by the CBA.

As for plaintiffs' claims that defendant miscalculated
their regular rates by not accounting for differential pay they
earned during weeks in which they worked over 40 hours,
defendant argues that plaintiffs' rate of pay, of overtime or
otherwise, is dictated by the CBA, and their dispute is
therefore over the terms of the CBA, which is subject to
arbitration.  To support its position, defendant relies upon
Vadino v. A. Valey Engineers, 903 F.2d 253 (3d Cir. 1990).
There, the plaintiff acknowledged that his employer paid him one
and one-half times his normal hourly rate for all hours worked
in excess of the forty hour work week in compliance with Section
7(a) of the FLSA, see 29 U.S.C. § 207(a)(1) (requiring that
employers compensate an employee working more than forty hours a
week "at a rate not less than one and one-half times the regular
rate at which he is employed"), but the plaintiff contended that
his "regular rate" was the hourly rate he was entitled to as a
journeyman under the collective bargaining agreement, and not
the lower rate which he was actually paid.  The Third Circuit,
following Supreme Court precedent, determined that the
plaintiff's claim constituted a dispute over what rate of pay he
was entitled to under the CBA, and plaintiff was required to

7

comply with the terms of the CBA by exhausting the internal grievance procedure before filing suit. Vadino, 903 F.2d at 265-66.[3]

This case is different from Vadino. Plaintiffs are not claiming that they should have been compensated at a special rate of pay as defined by the CBA. Plaintiffs are claiming that defendant's failure to include all of plaintiffs' differential pay in its calculation of their regular rates resulted in defendant paying them less than 1.5 times their regular rates for overtime hours. Thus, by not paying plaintiffs "at a rate not less than one and one-half times the regular rate at which [they are] employed," 29 U.S.C. § 207(a)(1), plaintiffs claim that defendant violated the FSLA. Moreover, as plaintiffs point out, there is no provision in the CBA that defines "regular rate" or "differentials," and plaintiffs' claims therefore cannot be construed to be a breach of contractual terms that do not exist.

_____

[3] The Third Circuit elaborated, "It follows that in the event of a dispute as to the correct wage rate under a collective bargaining agreement and a consequential claim under the overtime provision of the FLSA, the procedure we envision is to decide the contract interpretation issue through the grievance procedure to arbitration. If exhaustion can be excused, then the employee may file a section 301 claim. . . . Concurrent with that, the employee may bring a FLSA claim, but the FLSA overtime claim would be dependent upon the resolution in the section 301 claim of the contract interpretation issue." Vadino v. A. Valey Engineers, 903 F.2d 253, 266 (3d Cir. 1990).

Accordingly, the Court finds that plaintiffs' claims are FLSA-based violations that are distinct from ones that contend the terms of the CBA have been breached, and they are not subject to the CBA's arbitration provision.[4]

### 2.  Plaintiffs' motion for conditional certification

Plaintiffs are seeking to conditionally certify this matter as a collective action under the FLSA, and to authorize Court-supervised notice to similarly situated employees.  The court in Pearsall-Dineen v. Freedom Mortgage Corp., 27 F. Supp. 3d 567, 569-71 (D.N.J. 2014) (quoting 29 U.S.C. § 216(b) and following Camesi v. Univ. of Pittsburgh Med. Ctr., 729 F.3d 239, 242-43 (3d Cir. 2013)), recently articulated the two-step process by which the FLSA permits an employee who believes his or her right to overtime compensation has been violated to proceed in a collective action, "for and on behalf of himself or themselves

---

[4] The CBA requires that employees follow internal grievance procedures and ultimately submit to arbitration for disputes arising out of the CBA.  It also explicitly requires employees to follow that procedure if they feel they have been discriminated against due to race, gender, etc.  (Docket No. 34-2 at 118-119.)  The CBA does not contain a similar provision for FLSA claims, which also defeats defendant's argument that plaintiffs' FLSA claims must go to arbitration.  See Snyder v. Dietz & Watson, Inc., 837 F. Supp. 2d 428, 440 (D.N.J. 2011) (citing Wright, 525 U.S. at 80) ("An employee's claims that are based on statutory rights, and are thus independent of the rights created by a CBA, may only be subject to arbitration where the CBA contains a 'clear and unmistakable' waiver of a judicial forum for such rights.").

and other employees similarly situated":

> The first step analysis begins when a plaintiff moves for conditional certification of a collective action. This step generally "occurs early in the litigation when the court has minimal evidence." The conditional certification process, despite sometimes borrowing the language of class action certification from Federal Rule of Civil Procedure 23, is not really a certification but instead is a "district court's exercise of [its] discretionary power ... to facilitate the sending of notice to potential class members." Symczyk v. Genesis Healthcare Corp., 656 F.3d 189, 194 (3d Cir. 2011) (citation omitted), rev'd on other grounds sub nom. Genesis Healthcare Corp. v. Symczyk, 133 S. Ct. 1523 (2013).

> When considering the first step of conditional certification, courts apply a "fairly lenient standard" to determine whether the plaintiff has met the "modest factual showing" necessary for certification. Zavala, 691 F.3d at 536 n.4. Under this standard, a plaintiff "must produce some evidence beyond pure speculation of a factual nexus between the manner in which the employer's alleged policy affected her and the manner in which it affected other employees." Id. (internal quotation marks omitted) (quoting Symczyk, 656 F.3d at 193). This generally requires review of both the pleadings and affidavits in support of or in opposition to the proposed collective action. A showing that opt-in plaintiffs bring the same claims and seek the same form of relief has been considered sufficient for conditional certification.

> Following conditional certification, a FLSA collective action proceeds to discovery. At or near the conclusion of discovery, a court (upon motion by either the plaintiff for final certification or by the defendant for decertification) proceeds to the final step for certification. Symczyk, 656 F.3d at 193. "It is possible for a class to be certified at stage one but fail certification at stage two." The final certification step requires a plaintiff to establish, by a preponderance of the evidence, that the plaintiff and opt-in plaintiffs are "similarly situated." Zavala, 691 F.3d at 536. Courts make this evaluation on a case-by-case basis . . . .

Pearsall-Dineen, 27 F. Supp. 3d at 569-71 (some citations and

quotations omitted).

Here, plaintiffs have readily met the "fairly lenient standard" of providing evidence of a factual nexus between the named and opt-in plaintiffs' underpayment of overtime pay and how this has also affected other employees who are potential opt-in plaintiffs. Plaintiffs proposed two collectives of employees – one related to the overtime pay calculation and the other related to the meal break policy. For overtime pay issues, plaintiffs' proposed collective consists of all of defendant's non-exempt employees, who, during at least one (1) workweek within the last three (3) years, worked over 40 hours and earned differential pay and/or other shift premiums. For plaintiffs' meal break policy issues, plaintiffs' proposed collective consists of all of defendant's CNAs, who, during at least one (1) workweek within the last three (3) years, worked a night shift and worked at least 40 hours.

To support their proposed collective of opt-in plaintiffs, plaintiffs rely on the pleadings and sworn affidavits, which contain assertions substantiated by the pay stubs, time records, letters written by defendant, and the collective bargaining agreement. The Court finds these submission to be more than adequate for conditional certification.

Further, the Court finds that defendant's various arguments against conditional certification go to the substantive heart of

11

the disputed issues, and not to defeat plaintiffs' evidence showing that other employees' pay was calculated the same as the plaintiffs. "The sole consequence of conditional certification is the sending of court-approved written notice to employees, who in turn become parties to a collective action only by filing written consent with the court." Genesis Healthcare, 133 S. Ct. at 1530. Defendant can challenge plaintiffs' and any opt-in plaintiffs' claims that it violated the FLSA in one fell swoop after the scope of the collective of plaintiffs is established. See Adami v. Cardo Windows, Inc., 299 F.R.D. 68, 80 (D.N.J. 2014) ("Because a full evaluation of the merits is not appropriate at this [conditional certification] stage, it is sufficient that Plaintiffs share similar job duties and share a similar business relationship with Defendants."); see also Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165, 170 (1989) (explaining that a collective action allows plaintiffs the advantage of lower individual costs to vindicate rights by the pooling of resources, and "the judicial system benefits by efficient resolution in one proceeding of common issues of law and fact arising from the same alleged activity").

Having found that plaintiffs' two putative collective actions may be conditionally certified, the next step is the method for determining the scope of the collective actions. Potential opt-in plaintiffs must be informed of this case and

12

provided the opportunity to join the litigation.  To this end,
plaintiffs have provided a proposed notice and consent form, and
they seek defendant to provide the last known names, addresses,
e-mail addresses, and phone numbers for of all individuals who
have worked for defendant as an hourly employee and received
differential pay or as a CNA who worked a night shift at any
point in the three years preceding the filing of named
plaintiffs' complaint to the present.  Plaintiffs also ask that
this Court order defendant to provide such information, in
importable and electronic form (i.e., Microsoft excel, csv, or a
similar format), and to ensure that this information can be
easily imported, the spreadsheet should contain separate columns
for first name, last name, street address, city, state, zip
code, country, phone number, and e-mail address.  Plaintiffs
also request that this Court order plaintiffs to mail the
proposed notice, by first class mail, to all such individuals.

Defendant wholesale objects to plaintiffs' proposed notice
and consent form and plaintiffs' request for employee
information, and presents over a dozen arguments for its
objections.  In reply, plaintiffs state that in order to
facilitate a timely resolution of the matter, they will
acquiesce to the majority of defendant's objections, except that
they maintain their request for (1) requiring defendants to
provide three years of employee information, not two; (2) a 90-

13

day opt-in period, not 30 or 45 days; (3) plaintiffs' ability to send a reminder notice; (4) not having to provide the fee structure of plaintiffs' counsel; and (5) not having to modify items that defendant objects to without explanation or justification.

The Court finds that plaintiffs' notice shall be modified to incorporate defendant's objections, except for the five points plaintiffs seek to maintain. Plaintiffs shall prepare a revised notice and consent form within 14 days, and provide it to defendant and the Court for review, along with a proposed Order approving the revised notice and consent form. Defendant shall have 14 days from the time plaintiffs submit their revised notice to advance any other objections.

**CONCLUSION**

For the reasons expressed above, plaintiffs' FLSA claims are distinct from the terms of parties' CBA, and they may proceed with their case in this Court. Plaintiffs have met the standard for conditional certification of their two categories of collective actions. Plaintiffs' notice and consent form will be modified consistent with this Opinion. An accompanying Order will be entered.

Date: __September 22, 2015__      __s/ Noel L. Hillman__
At Camden, New Jersey      NOEL L. HILLMAN, U.S.D.J.

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

TYMECO JONES, IESHA BULLOCK,          Civil No. 13-7910 (NLH/AMD)
and TEAIRRA PIZARRO, on
behalf of themselves and
those similarly situated,            **ORDER**

                 Plaintiffs,

        v.

SCO, SILVER CARE OPERATIONS
LLC d/b/a ALARIS HEALTH AT
CHERRY HILL,

                 Defendant.

For the reasons expressed in the Court's Opinion filed today,

    IT IS on this ___16th___ day of ___December___, 2015

    ORDERED that defendant's MOTION for Reconsideration [63] be, and the same hereby is, GRANTED IN PART AND DENIED IN PART:

    All relief sought in defendant's motion is denied, except that the Court modifies its September 22, 2015 Opinion to define the conditionally certified collective classes as:

        1.   For overtime pay issues, plaintiffs' proposed collective consists of all of defendant's CNAs, who, during at least one (1) workweek within the last three (3) years, worked over 40 hours and earned differential pay and/or other shift

premiums.

    2.    For plaintiffs' meal break policy issues, plaintiffs' proposed collective consists of all of defendant's CNAs, who, during at least one (1) workweek within the last three (3) years, worked a night shift and worked at least 40 hours.


                                                                   s/ Noel L. Hillman

At Camden, New Jersey           NOEL L. HILLMAN, U.S.D.J.

2

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

TYMECO JONES, IESHA BULLOCK,      Civil No. 13-7910 (NLH/AMD)
and TEAIRRA PIZARRO, on
behalf of themselves and
those similarly situated,     **OPINION**

       Plaintiffs,

    v.

SCO, SILVER CARE OPERATIONS
LLC d/b/a ALARIS HEALTH AT
CHERRY HILL,

       Defendant.

**APPEARANCES**

JUSTIN L. SWIDLER
MATTHEW D. MILLER
SWARTZ SWIDLER, LLC
1101 KINGS HWY N, STE. 402
CHERRY HILL, NJ 08034
    On behalf of plaintiffs

STUART WEINBERGER
GOLDBERG & WEINBERGER LLP
630 THIRD AVENUE
18TH FLOOR
NEW YORK, NY 10017
    On behalf of defendant

**HILLMAN**, District Judge

Presently before the Court is defendant's motion to
reconsider the Court's September 22, 2015 Opinion and Order
granting plaintiffs' motion to conditionally certify their
collective action claims for defendant's alleged violations of the

federal Fair Labor Standards Act, and denying defendant's cross-
motion to dismiss or stay the action pending arbitration.
Defendant also requests that this Court grant their application
for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) should
the Court deny their motion for reconsideration.  For the reasons
expressed below, defendant's motion will be granted as to the
modification of one term in the conditionally certified class, but
denied in all other respects.

## BACKGROUND & DISCUSSION

Plaintiffs are certified nursing assistants employed by
nursing home defendant, SCO, Silver Care Operations LLC d/b/a
Alaris Health at Cherry Hill.  They claim that defendant violated
the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.,
and New Jersey's Wage and Hour Law and New Jersey's Wage Payment
Law, when it failed to properly pay them for hours they worked in
excess of 40 hours per week, and by deducting thirty minutes of
paid time for meal breaks during over-night shifts, when
plaintiffs rarely, if ever, took an uninterrupted break during
their normal shifts.

In the Court's September 22, 2015 Opinion, the Court granted
plaintiffs' motion for conditional certification of their FSLA
collective action, and rejected defendant's argument that the
parties' collective bargaining agreement ("CBA") required the
arbitration of plaintiffs' claims.  The Court held that

2

plaintiffs' claims are FLSA-based violations that are distinct

from claims that contend the terms of the CBA have been breached.

The Court therefore determined that plaintiff's claims are not

subject to the CBA's arbitration provision.  The Court also found

that plaintiffs readily met the "fairly lenient standard" to

conditionally certify two collectives of employees: one related to

the overtime pay calculation and the other related to the meal

break policy.

In its current motion,[1] defendant argues that the Court

incorrectly found that the wage issues do not involve the

interpretation of the CBA and are not required to go to

arbitration.  Defendant asks the Court to reconsider that

decision, or certify the issue for interlocutory appeal.[2]

---

[1] A motion for reconsideration may be treated as a motion to alter
or amend judgment under Fed. R. Civ. P. 59(e), or as a motion for
relief from judgment or order under Fed. R. Civ. P. 60(b), or it
may be filed pursuant to Local Civil Rule 7.1(i).

[2] During the pendency of defendant's motion for reconsideration,
the Third Circuit issued a decision in a FLSA case, which, in a
supplemental letter to the Court, defendant contends impacts the
Court's decision of its motion for reconsideration.  (Docket No.
79.)  The Court disagrees.  In Babcock v. Butler County, 806 F.3d
153, 155 (3d Cir. 2015), the Third Circuit was tasked with
determining whether a portion of time for the Butler County Prison
corrections officers' meal periods was compensable under the FLSA.
The Third Circuit upheld the district court's dismissal of the
plaintiffs' complaint when it applied the "predominant benefits
test" to determine that the corrections officers were not
primarily engaged in work-related duties during meal break
periods.  Babcock, 806 F.3d at 156.  The Third Circuit also
observed that the parties' CBA provided for appropriate
compensation if the officers actually worked during the meal
break.  Id. at 157-58.  The facts, analysis, and procedural

The purpose of a motion for reconsideration "is to correct
manifest errors of law or fact or to present newly discovered
evidence." Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros,
176 F.3d 669, 677 (3d Cir. 1999). A judgment may be altered or
amended only if the party seeking reconsideration shows: (1) an
intervening change in the controlling law; (2) the availability of
new evidence that was not available when the court granted the
motion for summary judgment; or (3) the need to correct a clear
error of law or fact or to prevent manifest injustice. Id. In
reviewing defendant's motion, the Court does not find that any of
these three circumstances are presented here.

Moreover, it is apparent that defendant simply disagrees with
the Court's decision to not rule in its favor, and that it
presents a re-argument of its positions taken in opposition to
conditional certification and in support of its motion to stay
pending arbitration. Re-argument and disagreement are not
sufficient bases for reconsideration. See P. Schoenfeld Asset
Mgmt., L.L.C. v. Cendant Corp., 161 F. Supp. 2d 349, 352 (D.N.J.

---

posture of Babcock are inapposite to the case here. This case
concerns the conditional certification of a class of plaintiffs
who allege that they were not compensated for work they performed
during their meal breaks, as opposed to Babcock, which concerned a
motion to dismiss based on insufficient allegations in a complaint
regarding an unpaid fifteen minute period during which the
officers did not work but had to remain on-call. Consequently,
Babcock does not affect this Court's resolution of defendant's
instant motion.

4

2001) (providing that a motion for reconsideration may not be used to re-litigate old matters or argue new matters that could have been raised before the original decision was reached); United States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999) (mere disagreement with the Court will not suffice to show that the Court overlooked relevant facts or controlling law).

Relatedly, the issues raised in defendant's opposition to conditional class certification and its cross-motion to dismiss or stay pending arbitration do not rise to the level that warrants an interlocutory appeal. A recent FSLA collective action case that concerned a defendant's request for certification of an interlocutory appeal sets forth the interlocutory appeal standard:

> Interlocutory appeals are generally disfavored because "[p]ermitting piecemeal, prejudgment appeals ... undermines 'efficient judicial administration' and encroaches upon the prerogatives of district court judges, who play a 'special role' in managing ongoing litigation." Mohawk Indus. v. Carpenter, 558 U.S. 100, 106 (1978) (quoting Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368, 374 (1981)). However, 28 U.S.C. § 1292(b) provides an avenue for interlocutory relief if the court's order "(1) involve[s] a controlling question of law, (2) offer[s] substantial ground for difference of opinion as to its correctness, and (3) if appealed immediately materially advance[s] the ultimate termination of the litigation." Katz v. Carte Blanche Corp., 496 F.2d 747, 754 (3d Cir.1974) (internal quotations omitted). Nevertheless, certification is "wholly within the discretion of the courts, even if the criteria are present." Bachowski v. Usery, 545 F.2d 363, 368 (3d Cir. 1976). Accordingly, certification for interlocutory review is to be granted sparingly because only "exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." Coopers & Lybrand v. Livesay, 437 U.S. 463, 475 (1978).

Ruffin v. Avis Budget Car Rental, LLC, No. CIV.A. 11-01069-SDW,
2014 WL 4610421, at *1 (D.N.J. Sept. 15, 2014).  In Ruffin, the
court conditionally certified a collective action as to the
plaintiff's claim that defendant misclassified employees as exempt
and failed to pay them for all hours worked or overtime
compensation.  Ruffin, 2014 WL 4610421, at *1.  The court denied
the defendant's request for interlocutory appeal because it found
that the conditional certification issue did not arise out of a
genuine doubt as to the legal standard, such as conflicting
precedent, the absence of controlling law on a particular issue,
or novel and complex issues of statutory interpretation.  Id. at
*3 (citing Kapossy v. McGraw-Hill, Inc., 942 F. Supp. 996, 1001
(D.N.J. 1996)).

In this case, the Court does not find that the conditional
certification of the collective action or the determination that
plaintiffs' claims are FLSA-based claims outside the scope of the
CBA to be borne out of genuine doubt as to the legal standard.
Defendant's position has been advanced, and rejected depending on
the circumstances, by many other employers in FSLA cases for the
past 35 years.  See, e.g., Barrentine v. Arkansas-Best Freight
Sys., Inc., 450 U.S. 728, 745-46 (1981) ("[T]he FLSA rights
petitioners seek to assert in this action are independent of the
collective-bargaining process.  They devolve on petitioners as
individual workers, not as members of a collective organization.

6

They are not waivable. Because Congress intended to give
individual employees the right to bring their minimum-wage claims
under the FLSA in court, and because these congressionally granted
FLSA rights are best protected in a judicial rather than in an
arbitral forum, we hold that petitioners' claim is not barred by
the prior submission of their grievances to the contractual
dispute-resolution procedures."); <u>Bell v. Se. Pennsylvania Transp.</u>
<u>Auth.</u>, 733 F.3d 490, 496 (3d Cir. 2013) ("Here, where the
Operators rely solely on their statutory, rather than their
contractual, rights to recovery, district courts have had no
difficulty concluding that such plaintiffs may proceed on their
FLSA claims without first seeking arbitration [pursuant to a
CBA].")

     Interlocutory relief also would not serve to advance the
matter, as arbitration may or may not provide a quick resolution.
<u>See</u> <u>Barrentine</u>, 450 U.S. at 743 (Because the "specialized
competence of arbitrators pertains primarily to the law of the
shop, not the law of the land," many arbitrators may not be
conversant with the public law considerations underlying the FLSA.
FLSA claims typically involve complex mixed questions of fact and
law . . . .  These statutory questions must be resolved in light
of volumes of legislative history and over four decades of legal
interpretation and administrative rulings.  Although an arbitrator
may be competent to resolve many preliminary factual questions,

                                   7

such as whether the employee 'punched in' when he said he did, he
may lack the competence to decide the ultimate legal issue whether
an employee's right to a minimum wage or to overtime pay under the
statute has been violated.").

Overall, defendant's "mere disagreement" with the Court's
ruling does not constitute a "substantial ground for difference of
opinion" within the meaning of § 1292(b). Kapossy v. McGraw-Hill,
Inc., 942 F. Supp. 996, 1001 (D.N.J. 1996). Accordingly,
defendant's request for interlocutory appeal must be denied.

One aspect of defendant's motion may be granted. The Court
quoted from plaintiff's moving brief that "[f]or overtime pay
issues, plaintiffs' proposed collective consists of all of
defendant's non-exempt employees, who, during at least one (1)
workweek within the last three (3) years, worked over 40 hours and
earned differential pay and/or other shift premiums." (Sept. 22,
2015 Opinion, Docket No. 58 at 11, citing Pl. Br. Docket No. 34-1
at 23, "This collective action should be certified as to all of
Defendant's non-exempt employees, who, during at least one (1)
workweek within the last three (3) years, worked over 40 hours and
earned differential pay and/or other shift premiums."). The Court
then granted the conditional certification of that group of
employees.

In its motion for reconsideration, defendant points out that
plaintiffs did not seek to certify "all of defendant's non-exempt

8

employees" as to the overtime pay issue, but rather only certified

nurse aides who were affected by this overtime practice. This is

confirmed by plaintiffs' brief in response to defendant's motion

to dismiss or stay pending arbitration. (Docket No. 51 at 13 n.3,

"Plaintiffs do not define the class to include 'all hourly

employees' as Defendants argue, but merely all CNAs who were

subject to Defendants' illegal pay policies.") Because

plaintiffs' complaint and all other references to the putative

class specifically concern CNAs, it is evident that the

description of the overtime pay class meant to only refer to

employees who were CNAs. That is the class this Court

conditionally certified. Moreover, it is important to precisely

define a class for many legal and practical reasons. See Wachtel

ex rel. Jesse v. Guardian Life Ins. Co. of Am., 453 F.3d 179, 185

(3d Cir. 2006) (requiring "a readily discernible, clear, and

precise statement of the parameters defining the class or classes

to be certified," because "[c]lear and complete treatment of both

the class and the class claims, issues, or defenses at the class

certification stage will unquestionably facilitate the timely

execution of . . . the court-supervised distribution of class

notice to class members"). Consequently, the Court will modify

its September 22, 2015 Opinion to provide a clear and precise

statement of the parameters defining the classes that are

conditionally certified as follows:

9

1.    For overtime pay issues, plaintiffs' proposed collective consists of all of defendant's CNAs, who, during at least one (1) workweek within the last three (3) years, worked over 40 hours and earned differential pay and/or other shift premiums.

2.    For plaintiffs' meal break policy issues, plaintiffs' proposed collective consists of all of defendant's CNAs, who, during at least one (1) workweek within the last three (3) years, worked a night shift and worked at least 40 hours.

The remainder of the Opinion will not be reconsidered.

## CONCLUSION

For the reasons expressed above, defendant's motion for reconsideration or interlocutory appeal will be denied, except for the clarification of the conditionally certified class concerning overtime pay.  An accompanying Order will be entered.


Date:  December 16, 2015              s/ Noel L. Hillman
At Camden, New Jersey            NOEL L. HILLMAN, U.S.D.J.